## CLAY et al. v. CITY OF EUSTIS.

(District Court, S. D. Florida. July 17, 1925.)

No. 356.

**1. Courts ⬅329—Jurisdictional amount for suit to have statute extending city's boundaries declared void sufficiently shown.**

In suit in federal court to have Sp. Act Fla. 1925, extending boundaries of city of Eustis, declared void, allegations that property would be subjected to $350,000 of bonded indebtedness *held* to sufficiently show jurisdictional amount.

**2. Constitutional law ⬅278(2)—Special act, passed without advertisement extending boundaries of city, held not taking property without due process.**

Sp. Act Fla. 1925, §§ 2, 4, extending the boundaries of city of Eustis, and subjecting included lands to all existing or future bonded indebtedness of town, and giving town all public property, lots, franchises, streets, roads, and highways in added territory, *held* not to take property without due process of law, in violation of Const. U. S. Amends. 5 and 14, notwithstanding special act was not advertised under Const. Fla. art. 3, § 21.

**3. Municipal corporations ⬅29(1) — Special act enlarging boundaries of city held not violative of Constitution.**

Sp. Act Fla. 1925, §§ 2, 4, extending boundaries of city of Eustis, and subjecting included lands to all bonded indebtedness of town, and giving town all public property, lots, franchises, streets, roads, and highways in added territory, *held* not violative of Const. Fla. Declaration of Rights, § 24, or Const. U. S. Amend. 9, as denying right to voice in local self-government, and to be represented in taxation.

**4. Constitutional law ⬅70(3)—Wisdom and expediency of legislation not reviewable by courts.**

The courts cannot adjudicate wisdom and expediency of legislative enactment, passed pursuant to powers of Legislature.

**5. Constitutional law ⬅197—Special act extending boundaries of city not ex post facto.**

Sp. Act Fla. 1925, §§ 2 and 4, extending the boundaries of city of Eustis, and subjecting included lands to bonded indebtedness of town, and giving town all public property, lots, franchises, streets, roads, and highways in added territory, *held* not ex post facto law, within Const. U. S. art. 1, § 10.

In Equity. Suit by Florence L. Clay and others against the City of Eustis, to have a statute extending defendant's boundaries declared void. Complaint dismissed.

J. R. Bedgood, of Eustis, Fla., for complainants.

D. M. Buie, of Eustis, Fla., and Alexander Akerman, of Orlando, Fla., for respondent.

CALL, District Judge. Some 36 persons, some of them being residents and citizens of this state and some citizens and residents of states other than Florida, filed their bill of complaint against the town of Eustis and its mayor and board of aldermen, seeking to have a special act of the Legislature of the state of Florida, passed at the session of 1925, extending the boundaries of the town of Eustis, and taking in the lands of the complainants within the corporation, declared void. The grounds of attack upon the act of the Legislature are many. It is alleged that the territory so included in the corporate limits are farming lands, consisting of orange groves, dairy farms, woodland, swamp lands, etc. The special act complained of is as follows, omitting the description of the boundaries, to wit:

"An act to extend the corporate limits of the town of Eustis, Lake county, Florida, and to give the said town of Eustis, Lake county, Florida, jurisdiction over the territory embraced in said extension.

"Be it enacted by the Legislature of the State of Florida:

"Section 1. That the corporate limits of the town of Eustis, Lake county, Florida, be, and the same are hereby extended so as to include all that territory comprehended and included within the following limits and boundaries, that is to say: * * * [Description omitted].

"Sec. 2. That said town of Eustis, Lake county, Florida, is hereby given and granted all the public property, lots, franchises, easements, streets, roads and public highways, now located and dedicated, acquired, laid out, platted or conveyed to the public in all of the territory described in Section 1 of this Act.

"Sec. 3. That all of the ordinances of said town of Eustis, Lake county, Florida, and all laws heretofore passed by the Legislature of the state of Florida, relating to and which now, or hereafter, constitute its charter, shall apply to and have the same force and effect in all of such territory described in section 1 of this act as if all of such territory had been a part of the town of Eustis at the time of the passage and approval of such laws and ordinances.

"Sec. 4. That all of the taxable real and personal property in the territory hereby annexed to the town of Eustis, Lake county, Florida, and also all of the taxable real and personal property heretofore situated within the corporate limits of the town of Eustis, shall be liable for taxes to pay any present or future bonded indebtedness of the town of Eustis, and all property hereby

given and granted to the town of Eustis, shall be liable for all present or future indebtedness of the said town of Eustis, whether evidenced by bonds or otherwise, without prejudice, however, to the rights of the holders of any of the present bonded indebtedness of said town of Eustis.

"Sec. 5. All laws or parts of laws in conflict with the provisions of this act be and the same are hereby repealed.

"Sec. 6. This act shall take effect immediately upon its passage and approval by the Governor or upon its becoming a law without his approval."

The bill alleges that the special act was accepted by the corporate authorities of Eustis and thereby subjected the property of the complainants to a bonded indebtedness of $350,000 of the bonded indebtedness of the town theretofore incurred, which had already been expended in improvements in the original territory of the town; that the town, before the special act, covered an area of 1,320 acres, which by the special act was increased to 9,028 acres. It then alleges that the annexed area was not necessary or required for the expansion of the town, nor would it be required for many years to come, and would not receive any benefits, etc. Allegations are made showing the want of knowledge of the complainants that any such extension was contemplated. The sections of the Revised General Statutes of Florida about the extension of corporate limits is referred to, and it is claimed that by the passage of the special act the complainants are deprived of any voice in their local government. It is claimed that the act is inoperative because not advertised. It is also alleged that sections 2 and 4 of the act violate section 10, art. 1, of the Constitution of the United States; that these two sections violate the Fifth Amendment and the Fourteenth Amendment of said Constitution; that said act violates the reserved rights to local self-government, and not to be taxed without benefit and representation, referring to the Ninth Amendment to the Constitution of the United States and section 24 of the Bill of Rights of the Constitution of the state of Florida. The fourth paragraph of the bill alleges that the defendants are threatening to irreparably injure and damage the complainants in various sums of money ranging from $5,000 to $200,000. The value of the holdings of some of the parties in the annexed territory is also stated.

The defendants' moved to dismiss the bill on various grounds.

The theory of the bill seems to be that the special act seeks to take private property without due process of law, as protected in the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as that the special act is an ex post facto law, violating section 10 of article 1.

[1] One ground of the motion to dismiss is that the bill does not show jurisdiction in this court. It is apparent that the jurisdiction of this court is not sought on diversity of citizenship, but is sought on the ground that the special act violates the rights of the complainants secured by the Constitution of the United States. It is contended that in this view the bill fails to allege the jurisdictional amount. In passing upon this contention, it must be borne in mind that it is not a tax levied sought to be set aside, where the complainants must show that the damage to be suffered by each is the jurisdictional amount, but rather the unlawful incumbering of the property of the complainants with the pre-existing debts of the municipality, and I think, viewing the bill from this angle, that the allegations of the bill do show the jurisdictional amount.

[2] Do the provisions of section 2 and 4 of the act result in taking private property without due process of law? According to the decisions, I do not think those sections do. Under the Constitution of the state of Florida, the Legislature is vested with power to establish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. The Supreme Court of the state of Florida construing this section has decided that the Legislature has the power to pass special laws without advertisement as required in the proviso of section 21 of article 3 of the Constitution. I find in that instrument no provision restricting the power of the Legislature to make the annexed territory subject to taxation to pay pre-existing municipal indebtedness, and, in the absence of such restriction, this power exists. This doctrine is laid down in Dillon on Municipal Corporations in section 355 of the fifth edition, and I think is supported by the adjudications.

[3] Section 24 of the Bill of Rights of the state Constitution and Amendment 9 of the federal Constitution, which provides that the enumeration of certain rights shall not be construed to deny others retained by the people, and the complainants claim that the right to have a voice in local self-government and to be represented in taxation is one of these rights reserved, and which has

been violated by the two sections of the special act. This position is not tenable under the decisions of the courts.

I cannot find from the facts alleged in the bill that the Legislature transcended its powers in the passage of the special act, nor do I find that the act violates any of the powers granted by the states to the federal government by the Constitution.

[4] The courts cannot adjudicate the wisdom and expediency of the Legislature in the adoption of the acts passed pursuant to its powers.

[5] The act does not violate section 10 of article 1 of the Constitution of the United States.

I am therefore of opinion that the motion to dismiss must be granted. It will be so ordered.